UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JIANMIN SUN, | Case No. 2:21-cv-02180-APG-EJY |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| RACHEL L. JOHNSON, and CARRIE TEAGER, | |
| Defendants. | |

On December 10, 2021, Defendant Rachel L. Johnson, filed an incomplete Application to Proceed *In Forma Pauperis* ("IFP"), attached to which is a Notice of Removal, a Complaint filed in the Eighteenth Judicial Circuit Dupage County, Illinois, a Certificate of Service, and a Civil Cover Sheet. ECF Nos. 1–1-4.

I.  *In Forma Pauperis* **Application**

Defendant's IFP application is incomplete. Defendant failed to fill in the blanks or answer any questions on the form. Pursuant to 28 U.S.C. § 1915(a)(1) and the U.S. District Court for the District of Nevada Local Rule LSR 1-1, "[a]ny person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." Because Defendant's IFP application is incomplete, her request to proceed without prepaying fees is denied without prejudice.

II. **Screening the Complaint**

As stated above, Defendant's IFP application was accompanied by a Notice of Removal (ECF No. 1-1), a Complaint filed in Eighteenth Judicial Circuit Dupage County, Illinois (ECF No. 1-2), a Certificate of Service (ECF No. 1-3), and a Civil Cover Sheet (ECF No. 1-4). Defendant fails to establish this Court has subject matter or personal jurisdiction over the parties. Subject matter jurisdiction arises from a federal question or diversity of the parties. 28 U.S.C. §§ 1331, 1332. Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of

jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id*. *citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015. Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be established in one of two ways: "general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–414 (1984). In this case, Defendant pleads no facts in support of Nevada's exercise of personal jurisdiction under either theory. ECF No. 1-2. In fact, Defendant fails to make any claims regarding any party's relationship with the State of Nevada.

Accordingly, IT IS HEREBY ORDERED that Defendant's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall send Defendant the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **January 14, 2022**, Defendant shall either: (1) file a fully complete application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a) and LSR 1-1; or (2) pay the full $402 fee for filing a civil action (which includes the $350 filing fee and the $52 administrative fee).

IT IS FURTHER ORDERED that Defendant is directed to show cause, in writing, no later than **January 14, 2022**, why this matter should not be dismissed for lack of personal jurisdiction.

IT IS FURTHER ORDERED that failure to timely comply with the terms of this Order will result in a recommendation to dismiss this action without prejudice.

Dated this 16th day of December, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE